

NUMBER 13-19-00184-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE D. BRENT MOORE

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Benavides[1]**

Relator D. Brent Moore filed a petition for writ of mandamus in the above cause on

April 15, 2019. Through this original proceeding, Moore seeks to vacate an order

disqualifying his counsel of record, John D. Bell and the law firm of Wood, Boykin &

Wolter, P.C.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Appeal is an inadequate remedy when a trial court abuses its discretion in the disqualification of counsel. *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (orig. proceeding); *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (orig. proceeding). Consequently, the only issue we must consider on mandamus is whether the trial court abused its discretion by disqualifying counsel. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response to the petition filed by Padre Isles Property Owners Association, Inc., and the applicable law, is of the opinion that Moore has not met his burden to obtain

2

mandamus relief. Accordingly, we lift the stay previously imposed in this case and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10(b).

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of May, 2019.